UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFRREY GRAY,

        Plaintiff,

                              Case Number 11-11877
v.                               Honorable David M. Lawson

JAMES GERARD SALTALAMACCIA,
and CITY OF FLAT ROCK,

        Defendants.
_____/

## ORDER STAYING ACTION AND ADMINISTRATIVELY CLOSING CASE

The plaintiff in the case before the Court has alleged a violation of his Fourth Amendment rights via 42 U.S.C. § 1983 as a result of the defendants' use of excessive — indeed, deadly — force to effectuate the plaintiff's arrest. According to the complaint, the plaintiff was in his vehicle in a trailer park, being held at gunpoint by a resident. Defendant Saltalamaccia, an undercover police officer, arrived at the scene and ordered the plaintiff from his car. The plaintiff alleges that he did not know Saltalamaccia was a police officer since he was not wearing a uniform. The plaintiff attempted to flee in his vehicle, and Saltalamaccia fired multiple gunshots into the plaintiff's car; one took effect and caused permanent injuries.

The plaintiff filed a lawsuit in the Wayne County, Michigan circuit court at least six months ago raising only state law claims arising from the incident. At a case management conference held in this case on October 6, 2011, the parties informed the Court that discovery in the state case is nearly finished and the matter is scheduled for a case evaluation settlement procedure some time next month. When asked why the section 1983 claim was not joined in the state court action, plaintiff's counsel stated that he believed the federal forum was more appropriate for adjudication

of a federal claim. He offered a parallel explanation for not joining the state law claims in this Court.

The Court is unconvinced. There is apparently a perceived tactical advantage to the plaintiff in splitting his causes of action and litigating nearly identical claims in separate forums. Certainly, the legal theories are slightly different, in that the plaintiff's state assault claims require proof of different elements than the civil rights claim under section 1983. However, the excessive force claim here and the assault claim in state court have overlapping elements, and the damages in each case, save punitive damages, are the same.

Even so, the Court does not find it appropriate to abstain from exercising jurisdiction over this case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because there are enough points of distinction between the federal and state causes of action to require separate adjudication of each. The plaintiff, for reasons of his own, has not chosen to join his section 1983 claim in state court, although he certainly could. But he has chosen to file it here, and this Court has the "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Id.* at 817.

However, the Supreme Court has "long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to stay a federal action, several factors must be considered, including:

> (1) Whether the state court has assumed jurisdiction over any res or property; (2) Whether the federal forum is less convenient to the parties; (3) Avoidance of piecemeal litigation; (4) The order in which jurisdiction was obtained . . . ; (5) Whether the source of governing law is state or federal; (6) The adequacy of the state

> court action to protect the federal plaintiff's rights; (7) The relative progress of the state and federal proceedings; (8) The presence or absence of concurrent jurisdiction.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (citations omitted). The Court finds these factors favor staying the present matter until the state court case is decided. The state case was filed well before the present case, and proceedings in that lawsuit are well along. The disposition of that case may well determine most of the critical issues in the present case, and the overlapping elements of the claims may be binding in this case through the doctrines of issue and claim preclusion. The state court is capable of protecting the rights of the parties, and if the plaintiff were so motivated, the state court could actually decide his federal claim. And perhaps most convincing is the need to husband judicial resources by avoiding piecemeal litigation and the obvious duplication of effort it would entail in these cases.

Accordingly, it is **ORDERED** that this case is **STAYED** until further order of the Court.

It is further **ORDERED** that counsel for the parties must report to this Court the progress and stage of proceedings of the state court action **on November 15, 2011** and at each ninety-day interval thereafter, and immediately inform the Court of any disposition of that action.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that either party may file a motion at the appropriate time to reinstate the case.

It is further **ORDERED** that upon receipt of a motion and order to reinstate the case, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 7 , 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL